

# Ettelman & Hochheiser, P.C.
## Attorneys at Law

GARDEN CITY CENTER
100 QUENTIN ROOSEVELT BOULEVARD
SUITE 401
GARDEN CITY, NY 11530-4850

TEL: (516) 227-6300
FAX: (516) 227-6307
WWW.E-HLAW.COM

September 18, 2009

**VIA ECF AND FEDERAL EXPRESS**

Honorable A. Kathleen Tomlinson
100 Federal Plaza
Courtroom 910
Central Islip, New York 11722

      Re:    **Palm Bay International Inc. v. Marchesi di Barolo S.P.A.**
             **09 CV 601**

Dear Judge Tomlinson:

      This firm represents Plaintiff Palm Bay International Inc. ("Palm Bay") in the above entitled matter and submits this letter motion requesting the entry of a protective order[1] precluding Defendant Marchesi di Barolo's ("Marchesi") from seeking discovery relating to confidential agency agreements entered into by David and Marc Taub (Palm Bay's principals) and wine producers other than Marchesi. As will be elaborated below, such discovery is wholly unrelated and irrelevant to any matter currently before the Court and is only being sought to harass and oppress Palm Bay and David and Marc Taub. Such information is of a highly confidential nature, and due to the fact that Marchesi (and its new importer WineWave[2]) and Palm Bay are now competitors, Marchesi only seeks such information to gain a competitive advantage and to cause harm to Palm Bay and Marc and David Taub. Accordingly, the entry of a protective order precluding discovery related to other agency agreements should be granted.

      **I.**    **NATURE OF ACTION**

      This action is a relatively straightforward breach of contract and breach of warranty case. The allegations in the Amended Complaint concern the supply of admittedly defective wine by

---

[1] The Court previously entered a protective order on July 24, 2009. That protective order specifically permits Palm Bay to "mak[e] an application to the Court seeking heightened protection than that offered under the terms of this Stipulation and Order with respect to particular documents with good cause shown."

[2] WineWave has actively participated in this litigation, having its President appear at Palm Bay's motion for a preliminary injunction. In addition, WineWave is a defendant in a state court proceeding brought by Palm Bay and is represented by the same counsel as Marchesi.

**ETTELMAN & HOCHHEISER, P.C.**
ATTORNEYS AT LAW

Honorable A. Kathleen Tomlinson
September 18, 2009
Page 2

Marchesi and Marchesi's unlawful termination of its importation agreement with Palm Bay. (See Exhibit A, Amended Complaint) In addition, a factually similar action has been filed by David and Marc Taub, as individuals, against Marchesi for the termination of an agency agreement entered into by the Taubs and Marchesi. *See Taub et al. v. Marchesi di Barolo S.P.A.*, 09-CV-599 (TCP) (the "Taub Action"); (See Exhibit B, Complaint) Neither the instant action nor the Taub Action seek damages or concern matters related to any supplier other than Marchesi.[3] In fact, no where has Marchesi ever alleged that Palm Bay or the Taub's Agency Agreement were terminated for any reason other than a dispute as to the set-off of the defective wine.

## II. STANDARD OF LAW

"Rule 26(b), Fed.R.Civ.P., states that 'parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved …. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, No. 96 CIV. 2064 (RWS), 1997 WL 53184 (S.D.N.Y. Feb. 10, 1997). However, "practical considerations dictate that the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Glendale Fed. Sav. & Loan Ass'n v. Republic Ins. Co. (In re Sur. Ass'n of America)*, 388 F.2d 412, 414 (2d Cir. 1967). "A 'threshold showing of relevance must be made before parties are required to open wide the doors of discovery to produce a variety of information which does not reasonably bear upon the issues of the case.'" *Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 361 (E.D.N.Y. 1997) quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.1992). In addition, "courts should not allow litigants to manipulate the federal judicial system's liberal deposition procedures to harass their adversaries." *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, No. 07 Civ. 9580(HB), 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008).

As a result, Fed. R. Civ. P. 26(c) permits a party to seek a protective order limiting the production of certain discovery. "To demonstrate good cause under this provision, the party seeking the protective order must show that the information sought is a trade secret or other confidential information, and that the harm caused by its disclosure outweighs the need of the party seeking the disclosure." *Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc.*, 236 F.R.D. 129, 136 (E.D.N.Y. 2006). "If the good cause showing is met, the burden shifts to the party seeking discovery to establish that disclosure of the confidential information is relevant and necessary. *Id.*

---

[3] In its letter dated August 21, 2009, to the Court, Palm Bay stipulated that it was not seeking damages related to the loss of goodwill. Thus, such stipulation narrowed damages to only matters concerning the Marchesi brands.

# ETTELMAN & HOCHHEISER, P.C.
### ATTORNEYS AT LAW

Honorable A. Kathleen Tomlinson
September 18, 2009
Page 3

In ruling on a motion for protective order, a "Court is not required to make a finding that [an individual] would misuse confidential information prior to entry of a protective order. Rather, as courts have held, the imposition of a protective order is warranted based upon the circumstances and respective positions of the parties in litigation. . . . [N]o evidence of misuse is required where such a restriction is a reasonable prophylactic measure taken to avoid possible future disclosure or use of confidential information. These types of protective orders are based upon exposure to confidential information and the respective industries of the parties in litigation, rather than upon some prior history of malfeasance by the reviewing party." *Rates Tech. Inc. v. Mediatrix Telcom, Inc.*, No. CV 05-2755(JS)(AKT), 2007 WL 2581776, at *1–3 (E.D.N.Y. Sept. 5, 2007).

### III. AGENCY AGREEMENTS OF OTHER SUPPLIERS ARE CONFIDENTIAL

Courts have routinely held that internal corporate information is confidential. *See Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997) ("The Disputed Documents are various manuals that fall within a broad spectrum of internal corporate documents that courts regularly hold to be confidential business information. *See, e.g., American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 737, 740-41 (Fed.Cir.1987) (marketing plans, pricing information); *Gelb*, 813 F.Supp. at 1034-35 (revenue information); *see also Gohler v. Wood*, 162 F.R.D. 691, 693-94 (D.Utah 1995) (audit practice manuals); *Tonnemacher v. Sasak*, 155 F.R.D. 193, 195 (D.Ariz.1994) ( '[I]nternal manuals are highly confidential and constitute proprietary trade secrets.')."

In this action, Marchesi seeks internal information as to other companies for which the Taubs act as agents. Similarly, Marchesi has also sought sales data concerning other suppliers.[4] These matters are highly confidential – they relate to Palm Bay and the Taub's business strategy and they contain highly confidential financial information. On the other hand the existence of and the terms of agreements with other suppliers are wholly unrelated to any matter alleged in this action or in the Taub Action. Accordingly, this Court should enter a protective order precluding Marchesi from seeking discovery related to other agency agreements during written discovery and during the depositions of David and Marc Taub.[5]

---

[4] The production of sales data concerning other suppliers is subject to two pending motions to compel currently pending before the Court. However, Palm Bay's position and the basic concepts, production of information related to other suppliers is identical.

[5] David Taub is scheduled to be deposed on September 23, 2009. Marc Taub was deposed on September 14, 2009. During Marc Taub's deposition, the deponent was instructed by counsel not to answer questions concerning other agency agreements. Counsel mistakenly believed that the issue of the agency agreements was already before the Court since Palm Bay had objected to

**ETTELMAN & HOCHHEISER, P.C.**
ATTORNEYS AT LAW

Honorable A. Kathleen Tomlinson
September 18, 2009
Page 4

                          Respectfully Submitted,

                          ETTELMAN & HOCHHEISER, P.C.

                          By: ____s/_____
                                Gary Ettelman
                                Attorneys for Plaintiff
                                100 Quentin Roosevelt Blvd., Suite 401
                                Garden City, New York 11530
                                (516) 227-6300


cc:    Judge Arthur D. Spatt (via ECF and Federal Express)
        John Dellaportas (via ECF )
        Rachael Pontikes (via ECF)
        Javier Chavez, Jr. (via ECF)
        Christopher Petelle (via ECF)

---

the production of other agency agreements prior to Marchesi's motions to compel.  Since it is not, this motion is brought pursuant to Local Civil Rule 37.3(b).