**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.,

                          Plaintiff,

        - against -

MARCHESI DI BAROLO S.P.A.,

                         Defendant.

-----------------------------------------------------------X

**ORDER**

CV 09-601 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**    **PRELIMINARY STATEMENT**

Plaintiff Palm Bay International, Inc. ("Plaintiff" or "Palm Bay"), a New York wine distributor, brought this action against Defendant Marchesi Di Barolo, S.p.A. ("Defendant" or "Marchesi"), an Italian wine producer, for, *inter alia*, damages arising from defective wine which Marchesi sold to Palm Bay as well as Marchesi's subsequent termination of the parties' Importation Agreement. Presently before the Court are three motions pertaining to discovery: (1) Defendant's motion to compel [DE 76] Plaintiff's responses to certain document requests and interrogatories related to Plaintiff's damages claim; (2) Defendant's motion to compel [DE 89] [a] Plaintiff's responses to certain document requests and interrogatories, [b] continuation of two 30(b)(6) depositions, [c] attorneys' fees and costs incurred as a result of continuing the depositions and making this motion, and [d] production of a privilege log; and (3) Plaintiff's motion to compel [DE 99] deposition testimony from Anna Abbona, Defendant's managing director.[1] Each of these motions is discussed in turn below.

---

[1]    In addition, Plaintiff filed a motion for a protective order [DE 96], seeking to preclude Defendant from obtaining discovery related to agency agreements entered into by Plaintiff's principals and wine producers other than Marchesi. However, by letter dated October 6, 2009

## II.   B<small>ACKGROUND</small>

In 1994, Palm Bay entered into a written agreement (the "Importation Agreement") with Marchesi for the exclusive right to import Marchesi's wine and other products ("Marchesi wine") in the United States. First Am. Compl. ("Compl.") [DE 61] ¶ 29. From 1994 through early 2008, Palm Bay was the exclusive importer of Marchesi wine in the United States.

In May 2007, Palm Bay entered into an agreement with the Olive Garden Restaurant (the "Olive Garden Agreement") to supply a large quantity of Moscato d'Asti wine bearing the label "Marchesi di Barolo" (the "Olive Garden Wine") -- to 635 Olive Garden Restaurants. Compl. ¶¶ 33, 34; Def.'s Answer to First Am. Compl. ("Answer") [DE 107] ¶ 34. Pursuant to the Olive Garden Agreement, Marchesi agreed to produce the Olive Garden Wine, which Palm Bay agreed to purchase and import pursuant to the Importation Agreement and then sell to Olive Garden. Compl., ¶ 34. In January 2008, Palm Bay received numerous complaints from Olive Garden that the Olive Garden Wine supplied by Marchesi was defective. *Id.*, ¶ 37. According to Palm Bay, the wine had a "noxious smell and taste" and, in some instances, the bottles exploded or shattered. *Id.* ¶¶ 38, 40. Palm Bay recalled the offending wine and terminated the Olive Garden Agreement, allegedly incurring costs of $1.7 million as a result of having to reimburse Olive Garden. *Id.*, ¶¶ 39, 43-44. Palm Bay then sought reimbursement from Marchesi. Marchesi alleges that it attempted to cure the defective product and resolve the dispute in good faith. Answer, ¶¶ 47-60, 64. However, the parties were unable to reach a resolution and in January

---

[DE 102], Defendant informed the Court that this dispute had been resolved pursuant to Magistrate Judge Boyle's Order dated September 30, 2009 in *Taub v. Marchesi Di Barolo S.p.A.* (09-cv-599) granting, in part, Marchesi's motion to compel deposition testimony from Plaintiff's principals on the same topics as those at issue in Plaintiff's motion to compel in the instant case.

2009, Palm Bay deducted $650,000 from the amount it owed Marchesi to offset the losses incurred as a result of the recall of the defective wine. Compl., ¶¶ 46-47. Marchesi responded by terminating the Importation Agreement on the grounds that Palm Bay's set-off of the price paid for the Olive Garden wine constituted a breach of the Importation Agreement. *Id.*, ¶ 48; Answer, ¶ 70.

In the First Amended Complaint [DE 61], Palm Bay asserts claims against Marchesi for breach of contract (Count I), breach of implied warranty of fitness for a particular purpose (Count II), and breach of implied warranty of merchantability (Count III). Palm Bay seeks damages in the amounts of $1.7 million stemming from the defective wine and $10 million arising from Marchesi's termination of the Importation Agreement. In the Answer to the First Amended Complaint [DE 107], Marchesi asserts counterclaims against Palm Bay for breach of contract (Counts I, VII, VIII) and breach of the Importation Agreement (Counts II-VI).

## III.  STANDARD OF REVIEW

Federal Rule 26(b)(1) describes the scope of, and limitations on, discovery in civil litigation:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Barrett v. City of N.Y.*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

As in every discovery context, a motion to compel is entrusted to the sound discretion of the district court. *American Savs. Bank v. UBS Paine Webber, Inc. (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). The Second Circuit has noted that a "trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992)). A district court is considered to have abused its discretion "if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

"The party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 02-cv-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *United States v. Int'l Bus. Mach. Corp.* 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (burden is on moving party to establish relevance). "Disclosure should not be directed simply to permit a fishing expedition." *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). In a motion to compel, it is incumbent upon the moving party to provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case.

# IV. DISCUSSION

## A. Defendant's First Motion To Compel

In its first Motion to Compel [DE 76], Defendant Marchesi seeks Plaintiff Palm Bay's responses to Document Requests 28-30, 50, 54, 60, 74-76, and 86, which relate to the following categories: (1) sales reports for all Palm Bay Italian wines, by brand, from 1994 to the present; (2) annual financial statements from 1994 to the present; and (3) materials showing Palm Bay's efforts to mitigate damages by replacing the Marchesi wine. Marchesi asserts that it is entitled to receive these documents in electronic form. *See* DE 76. Defendant also seeks responses to Interrogatories 10 and 13, which pertain to: (1) Palm Bay's efforts to sell other Barolo wines; (2) Palm Bay's sales of rival Italian Cavit wines; and (3) Palm Bay's damages computations. *Id*. Marchesi contends that it needs these categories of discovery "to defend against Palm Bay's damages claim." *Id*. Palm Bay objects on the grounds that the discovery sought by Marchesi has already been produced or is irrelevant to the claims asserted in the First Amended Complaint. DE 83. Based upon my review of Defendant's motions and Plaintiff's opposition within the context of the standard of review discussed above, I am GRANTING, in part, and DENYING, in part, Defendant's first Motion to Compel to the extent set forth below.

### 1. *Defendant's Request For Plaintiff's Sales Reports*

Defendant's request for documents reflecting "sales reports for all Palm Bay Italian wines, by brand, from 1994 to the present" and responses to interrogatories related to Palm Bay's "efforts to sell other Barolo wines" and "its sales of rival Italian Cavit wines" is DENIED. In its July 31, 2009 Amended Complaint [DE 61], and as a result of Judge Spatt's denial of Plaintiff's application for a preliminary injunction [DE 52], Palm Bay withdrew, among other things, its

claims relating to goodwill (*i.e.*, related to its importation of brands of wine other than Marchesi).

Palm Bay has asserted that it is willing to enter into a stipulation with Defendant withdrawing

such claims to the extent that Defendant continues to interpret the Amended Complaint as

seeking damages relating to goodwill [DE 83]. Plaintiff therefore is asserting damages based

only upon the value or lost profit of the Marchesi wine. *See* DE 83. Accordingly, the categories

of discovery which are the subject of this motion are no longer relevant to the claims asserted by

Plaintiff nor to any defense corresponding to such claims. Significantly, Defendant does not

argue that Plaintiff should not be permitted to withdraw its claims relating to goodwill. Rather,

Defendant relies primarily on its position that Plaintiff has violated the Court's discovery Order

of August 11, 2009. In light of Plaintiff's unopposed withdrawal of its claims relating to

goodwill, whether Defendant chooses to enter in the stipulation or not does not change the fact

that the damages associated with goodwill are no longer part of this litigation.

## 2. *Defendant's Request For Plaintiff's Financial Statements*

Defendant's request for Plaintiff's "annual financial statements from 1994 to the present"

is GRANTED, in part. To the extent set forth here, the financial records sought by Defendant are

discoverable and fall within the Federal Rules' definition of relevance because they are

"reasonably calculated to lead to the discovery of admissible evidence." *ABM Fin. Servs., Inc. v.*

*Express Consol., Inc.*, No. 07-60294, 2008 WL 1776585, at *3 (S.D. Fla. Apr. 17, 2008); *Ehrlich*

*v. Inc. Village of Sea Cliff*, CV 04-4025, 2007 WL 1593223, at *3 (E.D.N.Y. Jun. 1, 2007)

(granting defendant's motion to compel production of financial records supporting plaintiff's

damages claims); *see also American Fast Freight, Inc. v. Nat'l Consol. & Distrib., Inc.*, No. C07-

716, 2007 WL 3357694, at *3 (W.D. Wash. Nov. 7, 2007) ("Financial statements are clearly

discoverable if they could lead to relevant evidence.").  Thus, to the extent it has not already done so,[2] Plaintiff is directed to produce responsive documents for the period 2000 through the present, subject to the Confidentiality Stipulation [DE 56] in place in this case, and limited solely to Plaintiff's annual financial statements for the importation of Marchesi wine (*i.e.*, the wine sold by Defendant to Plaintiff and then imported by Plaintiff into the United States pursuant to the Importation Agreement) based upon Plaintiff's claimed damages resulting from the termination of the Importation Agreement.

### 3.    *Defendant's Request For Discovery Reflecting Plaintiff's Mitigation Efforts*

Defendant's request for discovery "showing any efforts Palm Bay has undertaken to find and sell alternative brands of Barolo wine . . . in order to test whether Palm Bay adequately mitigated its damages" [DE 76] is GRANTED, in part, to the extent set forth below.  Defendant asserts that it is entitled to discovery regarding Plaintiff's efforts to mitigate the damage incurred as a result of the termination of the importation agreement [DE 76].  Plaintiff argues that "mitigation is a non-issue in this case" because even if Plaintiff were under a duty to mitigate, it was impossible for Plaintiff to do so.  According to Plaintiff, it cannot sell a "substitute brand" to its customers (*i.e.*, wholesalers who in turn sell the wine to retailers) because the customers

---

[2]      Plaintiff asserts that it "has already provided Marchesi with thousands of pages of documents related to the profits, income and expenses *associated with the Marchesi brands*[,] . . . includ[ing] depletion data, invoices to its distributors (demonstrating revenue generated), invoices to Marchesi (demonstrating cost of the wine), and ledger reports showing its expenses. Palm Bay has also provided spreadsheets that calculate the total revenue, total expenses, profit/loss, etc.[,]" an example of which is annexed as Exhibit 2 to Plaintiff's opposition papers. DE 83 (emphasis in original).  However, the Court understands that Plaintiff has produced these documents only for the past five years.  If this is the case, then Plaintiff is directed to produce these documents beginning with the year 2000.

"must continue to satisfy the retail demand for Marchesi products[,]" and, so, rather than purchasing another brand of wine from Plaintiff, the customers are buying the Marchesi wine from another importer. Thus, Plaintiff argues, it "cannot mitigate because it can not replace the line it lost and it can not satisfy its customer's demands for Marchesi products" [DE 83].[3]

Under New York law, in a breach of contract action, the non-breaching party is under a duty to mitigate damages to the extent practicable. *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 n.21 (2d Cir. 2007); *Drummond v. Morgan Stanley & Co., Inc.*, 95 Civ. 2011, 1996 WL 631723 at *2 (S.D.N.Y. Oct. 31, 1996) ("It is well settled that a plaintiff who suffers injury as the result of a breach of contract is under a duty to mitigate damages"). The party alleging a failure to mitigate bears the burden of proving that the injured party failed to make reasonable efforts to mitigate its damages. *Cf. Technest Holding, Inc. v. Deer Creek Fund LLC*, 06 Civ. 1665, 2008 U.S. Dist. LEXIS 61560, at *51 (S.D.N.Y. Aug. 12, 2008).

In the First Amended Complaint, Plaintiff alleges damages arising from the defective Olive Garden wine as well as from Defendant's purported breach of the Importation Agreement and the subsequent loss of the exclusive right to import and sell Marchesi wine. Thus, although Plaintiff may have a plausible argument why it was unable to mitigate such damages as to the defective Olive Garden wine, the mitigation efforts as they relate to the alleged breach of the

---

[3]     Here Plaintiff relies upon *In re WorldCom, Inc.*, 361 B.R. 675, 690 (Bankr. S.D.N.Y. 2007), in which the court applied the law of the District of Columbia to determine that the petitioner, Michael Jordan, was not a lost volume seller and was under a duty to mitigate where debtor, MCI, rejected their endorsement contract during its bankruptcy proceedings. *In re WorldCom, Inc.*, 361 B.R. at 684-95. In its opposition papers, Plaintiff cites to this case for the proposition that a plaintiff's duty to mitigate in an employment action is limited to finding a "substantially equivalent" position [DE 83]. However, as discussed in *In re WorldCom*, 361 B.R. at 690, because of the distinct nature of the underlying employment discrimination laws, this principle is inapposite here.

Importation Agreement are nonetheless relevant, as that term is broadly defined under Rule 26, to Defendant's defenses in this case. *See Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (noting that Rule 26(b)(1) is an "obviously broad rule [which] is liberally construed"(citing *Oppenheimer*, 437 U.S. at 351). Defendant is therefore entitled to discovery related to Plaintiff's efforts to mitigate the damages allegedly incurred as a result of the termination of the Importation Agreement.

It should be noted that although Plaintiff's mitigation efforts are within the sphere of relevance at the discovery stage, such evidence may not necessarily be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable"). It would be inappropriate for the Court, at this discovery stage in the litigation, to make any substantive determination regarding whether Plaintiff had a duty to mitigate; that determination is properly made upon a motion for summary judgment or at trial before the District Judge. *See Cohen v. Roll-A-Cover, LLC*, CVX06044015047S, 2009 WL 2872920, at *11 (Conn. Super. Ct. Aug. 6, 2009) ("[T]he party receiving a damage award has a duty to make reasonable efforts to mitigate damages. What constitutes a reasonable effort under the circumstances of a particular case is a question of fact for the trier.").

In light of the totality of the circumstances surrounding this case, Plaintiff is directed to produce documents showing its efforts to mitigate its damages resulting from the termination of the Importation Agreement as alleged in the First Amended Complaint. Moreover, because of the commercial sensitivity of the information potentially contained in such documents, the parties are directed to amend the Confidentiality Stipulation [DE 56] currently in place in this case to

include an "Attorneys' Eyes Only" provision which will govern these documents, and to file the revised Confidentiality Stipulation on ECF expeditiously for the Court's review.

### 4. *Defendant's Request For Plaintiff's Damages Computations*

Defendant's request for discovery related to Plaintiff's "damages computations" is GRANTED. As Defendant correctly asserts, "the issue of damages, including the method by which they were computed, is fully discoverable." *Data Sys. of N.J., Inc. v. Philips Bus. Sys., Inc.*, No. 78 Civ. 6015, 1981 U.S. Dist. LEXIS, at *12-*13 (S.D.N.Y. Jan. 8, 1981) (citation omitted); *see also Ehrlich*, 2007 WL 1593223, at *3 (noting that Defendants were entitled to production of Plaintiff's financial records "for purposes of potential rebuttal concerning the amount of damages alleged by Plaintiff"). Thus, pursuant to Defendant's Interrogatory Number 13, to the extent it has not already done so,[4] Plaintiff is to provide Defendant with its computations of alleged damages related to the (i) termination of the Importation Agreement, and (ii) cancellation of the Olive Garden Agreement, and to "identify and describe the existence, custody, location and general description of the documents regarding the same." Damages calculations are often updated as further information is developed during discovery. Therefore,

---

[4]     Plaintiff asserts that regarding the Olive Garden wine, "Palm Bay has produced all of the invoices related to the defective wine and documents demonstrating additional costs, particularly documents related to the reprinting of Olive Garden menus, which represents all of the out of pocket damages Palm Bay has suffered." Plaintiff further contends that regarding the termination of the Importation Agreement (*i.e.*, Plaintiff's claims for lost profits), "Palm Bay has produced documents demonstrating profit/loss, income and expenses. This includes the actual invoices to its distributors, invoices to Marchesi, ledger reports that document expenses, and depletion reports for each Marchesi product. In addition Palm Bay has agreed to produce all of the hard copies of its expenses for the Marchesi products, which includes invoices for such things as advertising, samples, etc." Finally, Palm Bay maintains that with regard to documents reflecting its calculations of damages, "[t]he only thing [it] has not provided is its actual calculation of damages because these calculations must be done by an expert." DE 83.

Plaintiff is directed to produce any underlying documentation it is using to support its claim for damages, the categories of damages it is asserting, and any calculations relating to the same. It is understood that such calculations may be seasonally amended, particularly if Plaintiff will be presenting expert testimony on the issue of damages and will be producing an expert report.

### 5. *Defendant's Request For Discovery In Electronic Format*

Defendant asserts that Plaintiff is obligated to produce the discovery discussed above in electronic format, to the extent available. There is no indication that Plaintiff objects to this proposition.[5] Under the Federal Rules, a party is required to provide discovery of electronically stored information unless that party shows that the source of such information is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Moreover, a litigant may request from another party "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations—stored in any medium from which information be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form[.]" Fed. R. Civ. P. 34(a)(1)(A).[6] In other words, the Federal Rules permit discovery of electronically or

---

[5] Plaintiff states that if it is required to produce documents in electronic format, it "will have to confer with Marchesi in order to determine the best method of production because its sales and financial data is stored in a proprietary electronic resource planning program known as 'Elite' and Marchesi will require a software license in order for the data to be usable." DE 83 n.1. Plaintiff is directed to undertake the necessary communication with Marchesi forthwith.

[6] Moreover, under Rule 26, the parties' proposed discovery plan must include "any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced." Fed. R. Civ. P. 26(f)(3)(C). Pursuant to this Court's June 22, 2009 Minute Order [DE 50], the parties submitted a letter dated July 10, 2009 [DE 53] which stated that "the only relevant documents containing electronically stored information are email communications[,]" which the parties agreed would be produced in PDF format. The parties

digitally stored information provided that such information is relevant and there is no other basis for denying or restricting the discovery sought. *See Cornell Res. Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 73-75 (N.D.N.Y. 2003) (directing defendant to make the discovery at issue available to plaintiff's expert as it is "maintain[ed] in the ordinary course of its business in electronic format"); *Anti-Monopoly, Inc. v. Hasbro*, Inc., 94CIV.2120, 1995 WL 649934, at *1 (S.D.N.Y. Nov. 3, 1995) ("The law is clear that data in computerized form is discoverable even if paper 'hard copies' of the information have been produced, and that the producing party can be required to design a computer program to extract the data from its computerized business records, subject to the Court's discretion as to the allocation of the costs of designing such a computer program."); *Jones v. Goord*, No. 95 Civ. 8026, 2002 WL 1007614, at *6 (S.D.N.Y. May 16, 2002) (framework for analyzing discovery dispute under Rule 26 of the Federal Rules of Civil Procedure "applies to requests for electronic or computer-based information just as it applies to more traditional materials"). Therefore, pursuant to the Federal Rules, and to the extent it has not already done so, Plaintiff shall produce the discovery discussed in this Order in electronic format to the extent possible. The Court notes that there is no indication that Plaintiff has not previously produced its documents in electronic format.

### 6. *Defendant's Deposition Of Plaintiff's Corporate Representative*

With regard to Defendant's assertion about the deposition of Plaintiff's Rule 30(b)(6) designee, Harish Parekh, the Court has no knowledge whether this deposition went forward, and thus is not in a position to render any ruling here.

---

further agreed that "[i]f any other type of electronically stored information in addition to email is to be produced, the parties will discuss production at that time."

### 7.    *Rulings as to Defendant's Individual Discovery Demands*

Based upon the foregoing findings, it is hereby ORDERED that

•        Defendant's motion to compel Plaintiff's production of documents in response to

**Document Request No. 28** is GRANTED, to the limited extent set forth above.

•        Defendant's motion to compel Plaintiff's production of documents in response to

**Document Request No. 29** is DENIED, except as to those documents concerning

the Terminated Brand.

•        Defendant's motion to compel Plaintiff's production of documents in response to

**Document Request No. 30** is DENIED, except as to those documents concerning

the Terminated Brand.

•        Defendant's motion to compel Plaintiff's production of documents in response to

**Document Request No. 50** is GRANTED.

•        Defendant's motion to compel Plaintiff's production of documents in response to

**Document Request No. 54** is GRANTED as to Plaintiff's claim for breach of the

Importation Agreement as set forth in the First Amended Complaint.

•        Defendant's motion to compel Plaintiff's production of documents in response to

**Document Request No. 60** is GRANTED, in part, as to Plaintiff's claims for

breach of implied warranties as set forth in the First Amended Complaint, and

DENIED, in part, as to damages based upon goodwill, which claim is being

dropped

- Defendant's motion to compel Plaintiff's production of documents in response to **Document Request No. 74** is DENIED on the basis set forth above, except as to the wine sold to Olive Garden which was defective.

- Defendant's motion to compel Plaintiff's production of documents in response to **Document Request No. 75** is DENIED on the basis set forth above, except as to the wine sold to Olive Garden which was defective.

- Defendant's motion to compel Plaintiff's production of documents in response to **Document Request No. 76** is DENIED.

- Defendant's motion to compel Plaintiff's production of documents in response to **Document Request No. 86** is DENIED since this allegation does not appear in the First Amended Complaint.

- Defendant's motion to compel Plaintiff's response to **Interrogatory No. 10** is DENIED for the reasons set forth above.

- Defendant's motion to compel Plaintiff's response to **Interrogatory No. 13** is GRANTED.

### B. <u>Defendant's Second Motion to Compel</u>

In its second Motion to Compel [DE 89], Defendant seeks (i) Plaintiff's responses to certain documents requests and interrogatories; (ii) the continuation of its depositions of two of Plaintiff's corporate representatives; (iii) an award of attorneys' fees and costs incurred as a result of continuing the depositions and making this motion; and (iv) an order requiring Plaintiff to produce a privilege log.

Marchesi accuses Palm Bay of willfully disobeying this Court's Order of August 11, 2009 and asks that the Court sanction Plaintiff accordingly. *See* DE 89. Defendant charges Plaintiff with failing to produce information relevant to Palm Bay's alleged damages, claiming that Palm Bay informed Marchesi two weeks after the August 11, 2009 Status Conference (in which the Court ordered such production) that it would not be producing the information. Defendant also asserts that despite Plaintiff's position that it has produced all relevant Olive Garden documents, Plaintiff has failed to produce over thirty (30) communications from Olive Garden which Olive Garden provided in response to a third-party subpoena. *Id*. Contending that Plaintiff failed to produce other documents as well, Defendant states that Plaintiff did not answer interrogatories as required in the Order and that Defendant has been prejudiced because it had to take the Rule 30(b)(6) depositions of Plaintiff's representatives without this information.

The Court first notes that Defendant has not provided any case law to support its discovery arguments on these issues. For that matter, *Plaintiff* cites only a single case in response to the myriad arguments asserted by Defendant.

In light of the Court's directives during the August 11, 2009 Status Conference, Plaintiff should not simply have elected to do nothing, in contravention of the directives contained in that Order, in the hope that a stipulation could be achieved. If the parties were not able to achieve a meeting of the minds after conferring under Local Rule 37.3, Plaintiff should have brought this issue expeditiously to the Court's attention so that the type of motion practice which has ensued here could have been avoided or diminished. On the other hand, the Court finds equally untenable Defendant's position that "no stipulation relieves Palm Bay from its obligation to comply with the orders of this Court." DE 89. Although the Court understands the desire for

zealous representation of clients, both sides here have an obligation to do a more effective job with regard to their compliance with the "good faith meet and confer" obligations imposed by Local Civil Rule 37.3.

With regard to Plaintiff's interrogatory and document responses, the Court has already addressed the majority of these issues in the rulings rendered on the First Motion to Compel in Section IV.A above. Defendant continues to argue that it is entitled to the documents this Court directed Plaintiff to produce pursuant to Section IIA(1) of the August 11, 2009 Civil Conference Minute Order [DE 81], notwithstanding Palm Bay's proposed stipulation. In particular, Defendant states that this information is directly relevant to Defendant's defense against Plaintiff's claims for damages to its customer relations and alleged lost sales and profits. *See* DE 89 at 2. Once again, Plaintiff reiterates its position that it "will not seek damages related to harm to its customer relations or lost profits of other brands." DE 92. For the same reasons the First Motion to Compel was denied, the same logic applies here. Since Plaintiff has confirmed that it is not seeking damages related to harm to customer relations or lost profits of other brands [DE 92] – a contention supported by the language of the claims in the First Amended Complaint – the Second Motion to Compel as to this information is DENIED.

As to the Olive Garden-Palm Bay communications, Plaintiff's attempts to minimize the failure to produce these documents, based upon the 7,300 pages which were produced, is unpersuasive. Two of the three asserted claims for relief in the First Amended Complaint are directly related to the recall of the Olive Garden Wine and an argument can be made that the first claim for relief is indirectly related as well. However, the Court also finds Defendant's allegations regarding Plaintiff's motivation to be somewhat overstated. And although Ms.

Zuments may be located in Orlando, Plaintiff brought this action here in New York and opted to New York counsel; both the attorneys and Plaintiff had an obligation to conduct an appropriately thorough search for documents regarding the Olive Garden Wine for purposes of Plaintiff's Rule 26(a) disclosures as well as subsequent discovery demands from Defendant. In looking at the materials filed under seal as Plaintiff's Exhibits C, D and E, this assertion is underscored by the fact that Ms. Zuments is the author of some of the subject e-mails and is cc'd on others (*see, e.g.*, DARD 0186, 0175, 0177, 0264, 0274). Indeed, given the factual scenario underlying the claims in this case, any communication between Plaintiff and Olive Garden representatives should have been a priority. And as to damages, the internal spreadsheets worked on by Ms. Zuments provide useful information to aid in understanding the affected Olive Garden locations, the number of discarded bottles at each, and pricing and credits (DARD 0186-0208).

The fact that some of the documents are duplicative diminishes their significance but doe not obviate the obligation to produce them. Defendant has the right to obtain the documents from more than one source. Notwithstanding these assessments, the Court finds that other than innuendo, Defendant has not provided any substantive evidence of Plaintiff's deliberately withholding such documents. Plaintiff's efforts here reflect a degree of carelessness and lack of attention to detail rather than bad faith. To the extent that Defendant seeks to have the Rule 30(b)(6) depositions reopened on this basis, Defendant will have 48 hours from the date of entry of this Order to provide the Court with specific information as to the subjects to be pursued at such re-opened deposition(s) to support Marchesi's defenses since the Court's review discloses that neither witness' name appears in any of these documents as author, recipient, or person

copied on the communication. Once the Court has this information, the parties will be notified whether the depositions are to be reopened.

Defendant also claims that Palm Bay did not produce any meaningful additional documents concerning "Business Basics." Plaintiff states that such documents were produced to Defendant on August 2, 2009 and were identified as such. Plaintiff adds that it has not other documents. I had directed Defendant that it could test this response and address these issues at the Rule 30(b)(6) depositions and I presume that Defendant did so. Without any further basis for claiming that Plaintiff has not fully responded to the document demand in this regard, Defendant has not established a sufficient basis for the Court to direct Plaintiff to undertake any further action.

After reviewing all of the submissions by both parties, I decline to impose sanctions.[7] "The imposition of sanctions under Rule 37 is within the discretion of the district court and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion." *Hull v. Waterbury Petroleum Prod. Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988). Courts in this district have held that "imposition of sanctions under Rule 37 is a drastic remedy. . . and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 587 (E.D.N.Y. 1994).

---

[7] Although Plaintiff asserts an "objection" to Defendant's utilizing the Court's "letter brief" procedure to seek sanctions (see DE 92 at 1, n.1), there is nothing in the Federal Rules or my Individual Practice Rules prohibiting this method of seeking relief from the Court. In contrast to motions brought under Rule 11 where separate briefing is required, a motion for sanctions under Rule 37 may be brought in this manner.

Having said this, however, I am also instructing Palm Bay that if it is withholding any documents which it has previously been directed by the Court to produce on the grounds that such documents are privileged, counsel should already have produced a privilege log to Defendant. If Plaintiff has not done so, it has five days to comply with this directive or the Court will consider the imposition of sanctions. Defendant's motion is GRANTED to that extent.

### C.    Motion to Compel Testimony of Anna Abbona

Plaintiff seeks an Order from this Court compelling Marchesi's Managing Director, Anna Abbona to answer a line of questions posed to her at her deposition by Plaintiff's counsel and for which Defendant's counsel instructed the witness not to answer. *See* DE 99. Plaintiff also seeks to ask witness Abbona additional questions relating to what Plaintiff characterizes as "facts underlying any criminal incidents and prior arrests of Ms. Abbona. . ." *Id*. Despite the prohibition Federal Rule of Evidence ("FRE") 609 places upon the admissibility of such information at trial, Plaintiff believes it is nonetheless entitled to such information under the broad discovery umbrella of Rule 26(b)(1).

In opposing this motion, Defendant notes that Plaintiff's counsel was attempting to get at information concerning a traffic accident in which Ms. Abbona was involved recently. Defendant's counsel further emphasizes that Ms. Abbona was not arrested and has not been charged with or convicted of any crime [DE 103]. Counsel represents that Ms. Abbona, in fact, has never been arrested, charged with or convicted of any crime.

Plaintiff relies on three cases which it claims entitles Plaintiff to obtain answers to these questions. The Court has reviewed *Jones v. SEIU Local 1199,* 08-CV-6179, 2009 WL 1514675, at *1 (W.D.N.Y. May 29, 2009), *Marsch v. Renseelaer County,* 218 F.R.D. 367 (N.D.N.Y. 2003)

and *McDonald v. Head Criminal Court Supervisor Officer,* 117 F.R.D. 55 (S.D.N.Y. 1987) and finds the circumstances contained in them to have no application to the circumstances in this case.  This is a commercial dispute.   Although neither party has indicated when this traffic accident occurred**,** its seems likely from the information contained in the motion papers that it occurred after the circumstances giving rise to the claims in this case.  Plaintiff fails to establish how such incident could have any application to the defective Olive Garden Wine or the circumstances giving rise to the termination of the Importation Agreement.  Moreover, this is not a case of fraud or false statements having been given to law enforcement where the "crime" goes directly to the witness' truth and veracity.  Likewise, there is no evidence put forth of any "conviction"  –  even if there were, a conviction for a traffic incident does not fall under FRE 609 or even the broad parameters of Rule 26(b)(1).  This application is nothing short of a foray into information which counsel seeks to discredit a non-party serving as Defendant's representative.  Ms. Abbona, however, is not sued in an individual capacity and is not a party-defendant in this action.

Had the parties contacted Chambers while the deposition of Ms. Abbona was being conducted, as I had urged them to do when they were here for the August 11, 2009 Status Conference [DE 81], this issue could have been timely resolved.  Under Rule 30(c)(2), "a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *See Edwards v. Center Moriches Union Free School Dist*., No. 05-CV-2735, 2009 WL 604928, at *2 (E.D.N.Y. Mar. 9, 2009).  The latter rule provides that "at any time during a deposition, the deponent or a party may move to terminate or limit it on the grounds that it is being conducted in bad faith or in

a manner that unreasonably annoys, embarrasses or oppresses the deponent or party." Rule 30(d)(3). Once a party does so, it is required to make such a motion. Neither party has observed the correct procedure here.

Notwithstanding the procedural irregularity, the Court finds that Defendant's counsel was within her right to direct the witness not to answer these questions. As far as the Court is concerned, these questions come within the scope of Rule 30(d)((3)(A)'s prohibition because they do not address any claim or defense in the case, the witness is not a party, no evidence of any "conviction" has been presented to support a good faith basis for asking such questions, and the questions are not designed to lead to admissible evidence in light of the nature of the underlying incident involving a traffic accident. As such, this line of questioning borders on harassment of the witness.

In light of the foregoing information, Plaintiff's motion to compel answers to the questions posed to witness Abbona is DENIED. Further, in my discretion, I decline to impose sanctions based upon Plaintiff's having brought the motion.

## V.    CONCLUSION

For the foregoing reasons,

- Defendant's Motion to Compel [DE 76] is GRANTED, in part, and DENIED, in part, to the extent set forth above;

- Defendant's Motion to Compel and for Sanctions [DE 89] is GRANTED, in part, and DENIED, in part, to the extent set forth above;

- Plaintiff's Motion to Compel [DE 99] further deposition testimony of Anna Abbona is DENIED; Defendant's application for sanctions in the form of attorney's fees and costs is also DENIED..

**SO ORDERED.**

Dated: Central Islip, New York
November 9, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge