UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAVID S. TAUB and MARC TAUB                    Index No.: 09 CIV.599 (ADS)(ETB)

                         Plaintiffs,

        - against –

MARCHESI DI BAROLO S.P.A.,

                         Defendant.
----------------------------------------------------------------X

PALM BAY INTERNATIONAL, INC.

                        Plaintiff,

        - against –

MARCHESI DI BAROLO S.P.A.,

                         Defendant.
----------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO STRIKE AMENDED ANSWER**

                                                          Ettelman & Hochheiser P.C.
                                                          Attorneys for Plaintiff
                                                          Garden City Center
                                                          100 Quentin Roosevelt Blvd.
                                                          Suite 401
                                                          Garden City, New York 11530
                                                          516-227-6300

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    MARCHESI'S AMENDED ANSWER SHOULD BE STRICKEN ........................... 2

        A.  Marchesi Did Not Have The Right To File An Amended
            Answer As A Matter of Course Pursuant to Rule 15 (a)(1)(A) ....................... 2

        B.  Marchesi Lacked Good Cause To File Its Amended Answer .......................... 3

        C.  Marchesi Will Not Be Prejudiced If The Amended Answer Is Stricken ......... 4

CONCLUSION ............................................................................................................................... 6

Plaintiff, Palm Bay International, Inc. ("Palm Bay") submits this reply memorandum of law in further support of its motion pursuant to Fed. R. Civ. P. Rules 12(f) and 16 to strike and dismiss the allegations, affirmative defenses and counterclaims asserted in Defendant's Answer, Affirmative Defenses and Amended Counterclaim to First Amended Complaint (the "Amended Answer") filed by Defendant, Marchesi Di Barolo S.P.A. ("Marchesi").

## PRELIMINARY STATEMENT

Marchesi's opposition papers fail, in their entirety, to establish that Marchesi had the authority to file its Amended Answer. This is because the salient facts that support Palm Bay's motion to strike the Amended Answer are not in dispute. First, Marchesi filed its Amended Answer *after* the deadline to amend the pleadings set forth in the Rule 16(b) Scheduling Order had expired. Indeed, it is well settled law in this Circuit, that Marchesi is now precluded from amending its pleadings as a matter of course. Marchesi's defense, that the deadline for amending pleadings passed prior to the date Marchesi was required to file its initial pleading, does not sanction Marchesi's conduct of failing to comply with the Scheduling Order. Accordingly, the Amended Answer should be stricken since it was not timely filed.

Second, Marchesi's Amended Answer is based upon information that Marchesi had in its possession at the time Marchesi filed its Initial Answer. Marchesi's failure to review that information, until after it filed its Initial Answer, demonstrates Marchesi's dilatory conduct -- not good cause. Based upon these facts alone, Marchesi's Amended Answer should be stricken because Marchesi did not comply with the Rule 16(b) Scheduling Order and Marchesi cannot show good cause for the extension of the Scheduling Order.

1

## ARGUMENT

## MARCHESI'S AMENDED ANSWER
## SHOULD BE STRICKEN

In its opposition, Marchesi utterly fails to establish that it was entitled to file its Amended Answer as a matter of right because Marchesi cannot overcome the well settled law of the Second Circuit that a party loses its ability to amend its pleading as a matter of course when the deadline specified in the Rule 16(b) Scheduling Order has passed. Similarly, Marchesi also lacks sufficient evidence to establish that it has good cause to amend the Rule 16(b) Scheduling Order in light of the fact that Marchesi admits that it received the purported evidence to support its new counterclaim *prior* to the date Marchesi filed its Initial Answer. As such, this Court should find that Marchesi was precluded from filing its Amended Answer pursuant to Rules 16 and 13 of the Federal Rules of Civil Procedure.

**A.   Marchesi Did Not Have The Right To File An Amended Answer As A Matter of Course Pursuant to Rule 15 (a)(1)(A)**

The law in the Second Circuit is clear- Rule 16(b) limits a party's ability to amend a pleading as a matter of course if the deadline specified in the scheduling order for amendment of the pleadings has passed. *See Holmes v. Grubman,* 568 F.3d 329, 334-35 (2d Cir. 2009); *Kassner,* 496 F.3d at 244; *see also Lyddy v. Bridgeport Board of Education*, No. 3:06cv1420, 2008 WL 5117679 (D.Conn. Dec. 4, 2008) (denying the party the right to amend as of course when the deadline set forth in the Rule 16(b) scheduling order has passed).

Notwithstanding, Marchesi attempts to avoid the law by asserting that this case presents a "unique procedural posture" because the deadline to file amended pleadings expired prior to the date Marchesi was required to file its answer. However, this expedited schedule was ordered by this Court to prevent the parties from delaying the trial. Indeed, it is not an anomaly that when a

court orders an expedited scheduled, certain deadlines may expire prior to the date that they can be executed. It is for this reason that Rule 16 provides a mechanism for modifying the deadlines set forth in the scheduling Order by establishing that there exists good cause and seeking the judge's consent. *See* F.R.Civ.P. 16(b)(4). In addition, the Scheduling Order provides a procedure to follow in these circumstances by requiring the party to submit a written request to modify a deadline in accordance with Magistrate Judge Tomlinson's rules. Marchesi does not dispute that it did not comply with Rule 16(b)(4) or the Scheduling Order. As such, Marchesi did not have the authority to file the Amended Answer and therefore it should be stricken.

 B.     **Marchesi Lacked Good Cause To File Its Amended Answer.**

Similarly, Marchesi Amended Answer should be stricken because Marchesi fails to establish that there exists good cause for not including its counterclaim for tortious interference with prospective business advantage in its Initial Answer. While Marchesi would like this Court to believe that good cause exists because Marchesi's Amended Answer was based upon "newly discovered evidence" the facts reveal otherwise. Accordingly, the Scheduling Order should not be amended to permit Marchesi to file an Amended Answer at this late stage of the litigation.

Specifically, in its opposition, Marchesi admits that it *received* the documents that formed the basis of its counterclaim for tortious interference in *September 2009*. (Marchesi's Memorandum of Law in Opposition at 6). Yet, Marchesi was not required to file its answer in this action until October 19, 2009. In addition, Marchesi admits that it did not review these documents until November 2009 which was *after* it filed its Initial Answer (Marchesi's Memorandum of Law in Opposition at 6). To be sure, the fact that Marchesi filed its Initial Answer prior to reviewing these document (Marchesi's Memorandum of Law in Opposition at 6) can only be seen, at best, as inadvertence or oversight on the part of Marchesi's counsel or, at

worst, as dilatory conduct.  Indeed, the law in this area is clear and this Court has held, "counsel's inadvertence or oversight is not good cause for the purposes of Rule 16." *AMW Materials Testing v. Town of Babylon,* 215 F.R.D. 67 (E.D.N.Y. 2003).

Although a new scheduling order may be issued by reason of the consolidation of this case into the Taub action at this time, the Joint Pre-Trial Order is due January 22, 2009 and the Final Pre-trial Conference is scheduled for January 27, 2009.  To allow Marchesi to proceed with this unrelated counterclaim at this late stage of the litigation will unduly prejudice Palm Bay.  *See Campoli,* 232 Fed.Appx. at 20 (finding that district court did not abuse its discretion in denying plaintiff leave to amend the complaint because leave would prejudice the defendant).

**C.     Marchesi Will Not Be Prejudiced If The Amended Answer Is Stricken.**

Lacking good cause to modify the Scheduling Order, Marchesi resorts to arguing that judicial economy requires that Marchesi's claim for tortious interference be brought with the instant case. However, Marchesi's arguments are without foundation in fact or law.

First, by manipulating the facts, Marchesi argues that its counterclaim for tortious interference is a compulsory counterclaim by concluding that "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  While Marchesi is correct in that a counterclaim is compulsory if it bears a "logical relationship" to the main claim, this standard is no longer interpreted as broadly by the Second Circuit as it once was.  As demonstrated in *Jones v. Ford Motor Credit Corp.,* 358 F.3d 205 (2d Cir. 2004), a case cited by Marchesi, the Second Circuit now holds that in order for a counterclaim to be logically related, the " 'essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'."  *Id.* at 209.  In this case, the Second Circuit held that the defendants' debt collection counterclaims were not

compulsory even though they were related to the purchase contracts that gave rise to the plaintiff's claims. The Second Circuit found that the relationship between the counterclaims and the plaintiff's claim was logical in the sense that the sale was the "but for" cause of the non-payment. *Id.* However, the Court concluded that this is not the sort of relationship contemplated by the case law in that the essential facts are not so closely related that resolving both issues in one lawsuit would yield judicial economy. *Id.* at 210.

The rationale set forth in *Jones v. Ford Motor Credit Corp.* is applicable here as well. Specifically, contrary to Marchesi's assertion, Palm Bay's alleged tortious interference is not logically connected to Palm Bay's claims which are predicated upon a dispute between the parties regarding the sale of defective wine by Marchesi to Palm Bay which resulted in the termination of the parties' relationship. Indeed, like in *Jones v. Ford Motor Credit Corp.*, the parties' agreement may be the "but for" cause of Marchesi's counterclaim; however, Marchesi's counterclaim concerns allegations that occurred <u>after</u> Marchesi terminated the parties' relationship. (Amended Answer ¶¶ 71-76). As such, the parties will not be required to prove any of the same facts-since the facts related to Palm Bay's claims occurred prior to the termination and the alleged facts relating to Marchesi's counterclaim occurred after. Thus, Marchesi's counterclaim is not grounded in the same factual setting as the underlying claims and is therefore considered a permissive counterclaim, which is not required to be part of this lawsuit. *See* Fed.R.Civ.P. Rule 13(b); *see also Quinones v. Nescie,* 110 F.R.D. 346 (E.D.N.Y. 1986).

Finally, in a last ditch attempt to salvage its counterclaim, Marchesi argues that judicial resources will be wasted if Marchesi is required to commence an independent lawsuit to litigate its newly asserted counterclaim because there is a confidentiality order in place that requires Marchesi to destroy or return all confidential material at the conclusion of the case (Marchesi's

5

Memorandum of Law in Opposition at 14). Notably, Marchesi has crafted this argument out of whole cloth in light of the fact that (i) there has been no discovery taken on the issue regarding Marchesi's new counterclaim; and (ii) as admitted by Marchesi, Marchesi did not receive any documents from Palm Bay relating to this claim. In fact, Marchesi states that the only purported documents that Marchesi is in possession of that allegedly support its claim were received from a non-party, were not marked confidential and therefore, do not need to be destroyed pursuant to the confidentiality order.

## CONCLUSION

Based upon the above, this Court should grant Palm Bay's motion to strike Marchesi's Amended Answer because Marchesi was precluded from filing its Amended Answer pursuant to Rules 16 of the Federal Rules of Civil Procedure.

Dated: Garden City, New York
     December 18, 2009                               Ettelman & Hochheiser, P.C.

                                                            By:   /s/ Gary Ettelman
                                                               Gary Ettelman (GE 9315)
                                                               Attorneys for Plaintiff
                                                               100 Quentin Roosevelt Blvd.
                                                               Suite 401
                                                               Garden City, NY   11530
                                                               (516) 227-6300