**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PALM BAY INTERNATIONAL, INC.,

                    Plaintiff,

        - against -

MARCHESI DI BAROLO S.P.A.,

                    Defendant.
----------------------------------------------------------X

**ORDER**

CV 09-601 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Following upon this Court's determination and Order [DE 111] resolving various discovery issues, Defendant Marchesi di Barolo S.p.A. ("Defendant" or "Marchesi") "moved" for an Order (1) "clarifying" this Court's November 9, 2009 Order; (2) to compel Plaintiff to permit an inspection of the allegedly defective wine in its possession; and (3) to compel Plaintiff to produce additional documents and provide evidence regarding its litigation hold. *See* DE 112. Plaintiff Palm Bay International, Inc. ("Plaintiff" or "Palm Bay") opposed Defendant's motion. *See* DE 115.

Subsequent to these filings, the Court was informed in a further communication from Defendant's counsel that the parties had resolved item number two above regarding an inspection of the allegedly defective wine, but had not been able to resolve the third issue and still sought the clarification requested in item number one. *See* DE 119. These issues are addressed in turn below.

## II. DISCUSSION

### A. Defendant's Motion For Clarification Of Prior Order

#### 1. *Sales Data For All Italian Brands*

Defendant seeks "to clarify this Court's Order regarding Marchesi's right to discovery relevant to Palm Bay's mitigation of damages." *See* DE 112. Specifically, Defendant seeks Plaintiff's sales data for "all Italian brands for 2007, 2008, and 2009 . . . to demonstrate that Palm Bay has substituted sales of Marchesi's products with the sales of lower priced wines in its portfolio." *Id*. Defendant asserts that it needs this information "to show [that] Palm Bay is mitigating its damages by finding and selling lower priced substitutes for Marchesi's wine." *Id*. Moreover, Defendant's expert identified "a trend among consumers in 2008 and 2009 toward purchasing lower priced wines which may have benefitted other Italian wines distributed by Palm Bay." *See* Declaration of Robert J. Cantor, annexed as Exhibit A to DE 112 ("Cantor Decl."), ¶ 8. Thus, according to the Defendant's expert, the sales data for Plaintiff's other Italian brands for 2007-2009 is needed "in order to properly evaluate the full impact on lost profits of such trend." *Id*.

In opposition, Plaintiff contends that the requested sales data is irrelevant to the instant action and to the issue of mitigation,[1] and that "sales by Palm Bay of lower priced wines from the entirety of its portfolio" is not a mitigating factor for Palm Bay's damages. DE 115. To this end, Plaintiff argues that trends in sales of other brands of wine which Palm Bay had in its portfolio prior to Defendant's alleged breach of the Importation Agreement have no bearing on the

---

[1] The Court notes that the cases cited by Plaintiff in support of its argument that sales data is irrelevant to the issue of mitigation are not on point in that they are directed to a discussion of the calculation of lost profit damages.

damages incurred by Plaintiff as a result of Defendant's alleged breach. In other words, if, according to the trend identified by Defendant's expert, Palm Bay's sales of less expensive brands of wine increased in 2008 and 2009, these increased sales would not "reduce the damage suffered by Palm Bay by reason of the wrongful termination of the Marchesi brands" which constituted the entirety of Palm Bay's Piedmont portfolio. *Id.* Similar to its argument in opposition to Defendant's previous motion to compel, namely, that Plaintiff is unable to sell a substitute brand of wine to its customers,[2] here Plaintiff contends that its damages "may only be mitigated by sales of Piedmont brands" obtained after Defendant's termination of the Importation Agreement (*i.e.*, that Palm Bay can only replace the Marchesi brands with wine sales of other Piedmont brands).

In my Order of November 9, 2009, I observed that Plaintiff may well have a plausible argument that it was unable to mitigate its damages related to the defective Olive Garden wine based on Plaintiff's argument that, without that line of wine, "it can not satisfy its customer's demands for Marchesi products." DE 111 at 8. However, I also ruled that Defendant is entitled to discovery related to Plaintiff's efforts to mitigate the damages allegedly incurred as a result of the termination of the Importation Agreement, separate and apart from the inability to replace the defective Olive Garden wine. *Id.* Neither party has pointed to any provision in the Importation Agreement as a basis to support or deny the production of this information. Defendant's expert asserts that because both he and Plaintiff's expert viewed certain information in a trade publication regarding a trend among consumers in 2008 and 2009 (toward purchasing lower

---

[2] Defendant's assertion that this Court "rejected Palm Bay's argument that it cannot sell a 'substitute' for Marchesi's wines" is inaccurate. *See* DE 111 at 7-8.

priced wines which may have benefitted other Italian wines distributed by Palm Bay), he should be given all of Plaintiff's 2007 and 2008 sales data from so he can evaluate the trend against that information. *See* Cantor Decl., ¶ 8. If Plaintiff's expert considered such material and information in formulating his expert opinion, then, under the Federal Rules, Defendant is entitled to that information. However, that fact is far from clear in the parties' submissions. The remaining "deficiencies" concerning mitigation which Defendant's expert attempts to point out Plaintiff's expert report can be addressed at the expert's deposition, and, in any event, is a topic that goes to the weight of the expert's findings, not this motion. Moreover, Defendant has not provided any persuasive case law supporting its position that sales by Palm Bay from its *entire* portfolio should be considered in mitigation.

The previous Order remains in effect -- Plaintiff was directed to produce documents "showing its efforts to mitigate its damages resulting from the termination of the Importation Agreement as alleged in the First Amended Complaint." *See* DE 111 at 9. The Court presumes that Plaintiff has complied with the Order. If Plaintiff has not produced any documents in this regard because it takes the position that it had no duty to mitigate, or that its damages could only be mitigated by sales of Piedmont brands it obtained post-termination, then this issue will be resolved by the trier of fact, as stated in the earlier Order, and Defendant will undoubtedly take up its burden of proving that Plaintiff had a duty to mitigate and failed to make reasonable efforts to do so.

For these reasons, Defendant's motion to compel Plaintiff's sales data for all Italian brands for 2007, 2008, and 2009 is denied. Plaintiff is on notice that if it has not produced

4

documents on this issue at this juncture, it will be precluded from introducing such documents at trial or on summary judgment.

### 2. *Chart Of Accounts*

Defendant also seeks to compel Plaintiff to produce "an accounting document created in the ordinary course of business called a 'Chart of Accounts' ('Chart') to determine what information Palm Bay maintains in its accounting and financial documents that is relevant to Marchesi products, and at what level of detail that information is maintained." DE 112. Defendant argues that its expert needs such a chart to "analyze Palm Bay's alleged damages." *Id*. According to Defendant's expert, the chart would "allow for a better understanding of fixed and variable costs and the allocation of those costs to the various producers . . . [and] would provide the . . . expert with a better sense of what financial information would reasonably be expected to be produced in the ordinary course of business." Cantor Decl., ¶ 5. Plaintiff has not responded to this request.

Although such a chart may provide Defendant's expert with "a better understanding of [Plaintiff's] fixed and variable costs," this subject matter was adequately covered by my prior Order directing production of specific financial information and Defendant's counsel can explore this topic further at depositions of Palm Bay representatives and its expert. In addition, Defendant was free to have made such a demand earlier in the case when it first served its discovery demands, but Defendant apparently did not do so. This application is therefore denied. The Court notes, however, that if Plaintiff's expert reviewed at any time one or more documents fitting the title or substance of "Chart of Accounts," then Plaintiff's counsel is directed to turn over such documents to Defendant immediately.

**B.      Defendant's Motion To Compel Documents**

   *1.      The Litigation Hold*

Defendant contends that Palm Bay's failure to produce certain documents as enumerated in Defendant's motion "calls into question its compliance with its obligations to implement a 'litigation hold' and carry out its discovery obligations." *See* DE 112. Marchesi therefore asks the Court to require Palm Bay to produce its litigation hold letter and to provide additional information regarding how the hold was implemented and monitored. *Id.*

According to Palm Bay, the litigation hold was properly in place and no documents have been altered or destroyed. *See* DE 115. In support of its position, Palm Bay has provided the certification of its General Counsel, Michael O'Brien ("O'Brien"). According to O'Brien, he has been General Counsel to Palm Bay for approximately seven years and has been "intimately involved with all aspects of Palm Bay's relationship with Defendant Marchesi . . . particularly with the facts that give rise to this action." Certification of Michael P. O'Brien, annexed as Attachment 1 to DE 115 ("O'Brien Cert."), ¶ 2. O'Brien goes on to state the following:

> 3.      At the commencement of this litigation, I issued a litigation hold advising the key employees of Palm Bay that all document concerning Marchesi and/or Marchesi products must be retained and preserved for this litigation.
>
> 4.      Specifically, I issued this litigation hold to the following key employees: David Taub, Marc Taub, Michael Petteruti, Harish Parekh, Tona Bonavita, and Dennis Delaney. At that time, each key employee was instructed to convey this policy to all employees that directly reported to them.
>
> 5.      Throughout this litigation, I have been overseeing and monitoring compliance with this litigation hold and have produced all relevant documents that have been made available to me.
>
> 6.      To my knowledge, all documents concerning Marchesi and/or Marchesi products have been preserved and none have been destroyed or altered.

> 7. Once Marchesi advised counsel that it received documents pursuant to non-party subpoenas that Marchesi believes to be relevant to this lawsuit, the litigation hold was reiterated in writing to the key employees of Palm Bay.

O'Brien Cert., ¶¶ 3-7. The Court accepts Attorney O'Brien's representations as an officer of the Court. To avoid any further issues in this regard, I am directing Plaintiff's counsel to provide the Court, for an *in camera* inspection, a copy of the written litigation hold that was put in place as referenced in paragraph 7 of Attorney O'Brien's Certification. Plaintiff's counsel will have ten (10) days to submit the document(s). Beyond that submission, Defendant's concerns have been addressed and the Court will not direct further action.

### 2. *Production Of Additional Documents*

Defendant moves to compel Plaintiff "to produce all requested documents" and that the Court issue an order "that Palm Bay has waived its objections" to Defendant's document requests. *See* DE 112. Defendant asserts that "Marchesi has once again obtained relevant – indeed, crucial – documents from a third party that Palm Bay did not produce." *Id*. In particular, Defendant maintains that it received emails from several distributors evidencing communications between Palm Bay and those distributors that are directly responsive to Defendant's document requests and that Palm Bay did not produce. *Id*.

In opposing the request for a Court declaration that Palm Bay has waived all of its objections to Defendant's discovery demands, Plaintiff's counsel points out that Defendant is referencing 15 emails amid the thousands of emails and tens of thousands of documents produced by Plaintiff in response to Defendant's discovery demands. Plaintiff states that the failure to produce these items was inadvertent and that they were sent by a small number of approximately 100 sales agents out in the field. *See* DE 115. Plaintiff further notes that the

7

emails produced by the third parties were produced to Defendant nearly three months before Defendant started raising any complaints about Plaintiff's document production and, in fact, did not provide those emails to Palm Bay's counsel until three months after Marchesi's counsel received them. *Id*.

The remedy which Defendant seeks here appears disproportionate to the actual conduct at issue. The Court has reviewed the subject emails which comprise Exhibit B annexed to DE 112 and finds them to be relevant under the broad scope of Rule 26. However, Defendant has the documents in its possession and has had them for some time. Plaintiff has provided an explanation which, though unsatisfactory in terms of total and complete compliance, is at least reasonable. Within the volume of documents and emails produced, the number at issue is not substantial. To that extent, I decline to direct that Plaintiff has waived all of its objections to Defendant's document requests. However, I am directing Plaintiff to provide an affidavit or affirmation from a representative at Palm Bay with first-hand knowledge of how the search was undertaken to obtain documents responsive to Defendant's document demands (1) attesting to that fact and (2) providing a specific explanation of what information was discovered concerning how and why the emails at issue were not picked up during the course of the search. That affidavit/affirmation is to be filed on ECF within 14 days. Likewise, Defendant is free to raise with the witnesses at trial the fact that the documents were produced from the records of non-parties and not Plaintiff.

**SO ORDERED.**

Dated: Central Islip, New York
April 26, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge